# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1913 | **DATE** | 7/28/2004 |
| **CASE TITLE** | McClain vs. Leona's Pizzeria, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/11/2004 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order.  Plaintiff's motion for class certification [11-1] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 3 0 2004 | |
| ✓ | Docketing to mail notices. | date docketed | 17 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |

U.S. DISTRICT COURT
CLERK
2004 JUL 29 PM 4: 45

Date/time received in central Clerk's Office | mailing deputy initials

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHAMUS McCLAIN, individually and )
on behalf of a class of persons similarly )
situated, )
      )
        Plaintiff, )
      )
      v. )
      )
LEONA'S PIZZERIA, INC., LEON )
TOIA, and SALVATORE TOIA, )
      )
        Defendants. )

No. 04 C 1913

Judge Ruben Castillo **DOCKETED**

JUL 3 0 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Shamus McClain ("McClain"), individually and on behalf of a class of persons

similarly situated, has sued Leona's Pizzeria, Inc. ("Leona's"), Leon Toia, and Salvatore Toia,

alleging violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

McClain's suit also includes state-law claims based on the Illinois Minimum Wage Law

("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"),

820 ILCS 115 *et seq.*, and common law conversion. McClain now moves for class certification

of his IMWL, IWPCA, and conversion claims under Federal Rule of Civil Procedure 23. (R. 11-

1.) For the following reasons, the Court denies the motion.

## RELEVANT FACTS

Leona's operates approximately seventeen restaurants in the Chicago area. Leon Toia is

Leona's president and Salvatore Toia is Leona's secretary. They are both shareholders. McClain



worked at Leona's as a tipped employee.[1] McClain asserts that two of Leona's wage policies violate federal and state labor laws. First, McClain states that Leona's deducts three percent of every customer tip paid with a credit card, but nonetheless wrongfully takes the maximum tip credit allowed under section 203(m) of the FLSA.[2] Second, he states that Leona's automatically deducts forty-five cents per hour from every employee's paycheck because it allows employees to consume certain foods and drinks provided by Leona's during work hours. McClain asserts that this automatic deduction causes Leona's employees to receive an hourly wage below the amount dictated by federal and state law.

This Court already authorized McClain to notify all Leona's employees with potential claims that he is pursuing an FLSA collective action. (R. 14.) Under the FLSA, these employees must opt in to the collective action by filing written consent. 29 U.S.C. § 216(b). McClain now asks this Court to certify a class consisting of all current and former tipped employees of Leona's for his three state-law claims. Under Federal Rule of Civil Procedure 23, employees must opt out of a class action by filing written consent.

## LEGAL STANDARDS

A court has broad discretion to certify a class under Federal Rule of Civil Procedure 23. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). When evaluating a motion for class certification, the court accepts as true the moving party's allegations and does not examine the

---

[1] 29 U.S.C. § 203(t) defines a "tipped employee as "any employee engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips."

[2] This tip credit allows Leona's to pay its employees $3.09 per hour instead of the full amount of the minimum wage, which was $5.15 at all applicable times. (R. 11, Pl.'s Mem. at 3.)

merits of the case. *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). The party seeking class certification bears the burden of establishing all the requirements for class certification. *Id.*

## ANALYSIS

Under Federal Rule of Civil Procedure 23, a plaintiff requesting class certification must satisfy all of the Rule 23(a) requirements and must satisfy at least one of the Rule 23(b) requirements. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). McClain asserts that his state-law claims satisfy all the requirements of Rule 23(a) and the requirements of subsection 23(b)(3). This subsection provides that an action may be maintained as a class action if: (1) "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individuals members;" and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Leona's does not challenge McClain's assertion that his state-law claims satisfy the requirement of Rule 23(a) and the first requirement of Rule 23(b)(3)–predominance of common questions over individual issues.

The only question before the Court is whether class certification of McClain's state-law claims is superior to other available means. McClain asserts that certification is proper because consolidation of a collective action and class action in this case would promote judicial economy and prevent "unfair prejudice" to prospective class members. (R. 16, Pl.'s Reply at 2-5, 8.) Leona's argues that class certification is not superior because it would circumvent the FLSA's express requirement that these types of claims must be brought as collective actions in federal court. (R. 15, Defs.' Resp. at 1.)

3

Class certification under Rule 23 creates an opt-out class requiring parties to file a consent if they do not want to join the action. *Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir. 1992). While class actions are provided for under the FLSA, "they are governed by 29 U.S.C. § 216(b) rather than by Federal Rule of Civil Procedure 23." *Id.* Section 216(b) of the FLSA establishes an opt-in system for collective actions, mandating that "[n]o employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

"[M]andating an opt-in class or an opt-out class is a crucial policy decision." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003). Congress created the opt-in procedure "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."[3] *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become members of a class seeking redress of those claims in federal court. 29 U.S.C. § 216(b).[4]

---

[3]Because Rule 23 class members must take affirmative action to remove themselves from the class's ranks, under most circumstances, Rule 23 classes will be greater in number than a collective action under the FLSA. *See De Asencio*, 342 F.3d at 310.

[4]Noting these policy considerations, several courts in the Northern District have refused to certify a class action for supplemental state-law claims in the same proceeding as a FLSA collective action. *See Harper v. Yale Int'l Ins. Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193, at *3-*5 (N.D. Ill. May 12, 2004); *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, No. 02 C 50188, 2002 WL 31819226, at *1 (N.D. Ill. Dec. 16, 2002); *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411, at *2 (N.D. Ill. June 21, 2002); *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001).

4

We find that allowing McClain to use supplemental state-law claims to certify an opt-out class in federal court would undermine Congress's intent to limit these types of claims to collective actions.  McClain cannot circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar in substance to the FLSA that lack the opt-in requirement. *Rodriguez*, 2001 WL 1829490, at *2.  Were we to certify a class action for McClain's supplemental state claims based on the same facts and issues underlying McClain's federal claim, we could very well be left "with the rather incongruous situation of an FLSA 'class' including only a tiny number of employees . . . with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees." *Muecke*, 2002 WL 1359411, at *2.  To do so would effectively "allow[] a federal tail to wag what is in substance a state dog." *De Asencio*, 342 F.3d at 310.

Our holding is also supported by the scope of supplemental jurisdiction under 28 U.S.C. § 1367(a).  This section states that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  As our esteemed colleague Judge Shadur noted in *Rodriguez*, this language "plainly betokens *actual* joinder or intervention, not the type of representative treatment that is sought by [the plaintiff]. . . ." *Rodriguez*, 2001 WL 1829490, at *2 (emphasis in original).  In other words, while Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action.

McClain argues that class certification of his supplemental state claims is superior under Rule 23 because it would promote judicial economy. (R. 16, Pl.'s Reply at 2-5.)  While we

certainly recognize this concern, *see Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000); *O'Brien v. Enotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001), the inherently contrasting nature of opt-in versus opt-out actions would create challenges were these actions to proceed simultaneously in federal court. For example, it may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others. *De La Fuente*, 2002 WL 31819226, at *1. We find that the judicial economy concerns in this case are outweighed by Congress's intent to limit the scope of FLSA claims.

McClain's arguments that the prospective class will be "unfairly prejudiced" if we do not allow them to proceed with their state-law claims are unconvincing. (R. 16, Pl.'s Reply at 8.) First, McClain argues that certification of the state claims will ensure a bigger class because the statute of limitations for its state-law claims is three years rather than two years under the FLSA, which will allow the suit to include more employees. This argument flies in the face of Congress's express intent to limit the scope of these actions in federal court. *See Hoffman-LaRoche*, 493 U.S. at 173. Members of McClain's prospective class are free to pursue their state claims in state court and thus take full advantage of the longer limitations period. Second, McClain argues that class certification will protect the class from "unfair prejudice" because "the statute of limitations is tolled for unnamed plaintiffs as soon as the class action is filed." (R. 16, Pl.'s Reply at 8.) Unfortunately for McClain, the legal operation of a statute of limitations does not create "unfair prejudice." Finally, McClain argues that fewer employees will take advantage of an opt-in action than an opt-out action based on a fear of retaliation from their employers. (R. 16, Pl.'s Reply at 8.) While we are sympathetic to this concern, it is an insufficient basis on

6

which to depart from Congress's intent to limit such claims to collective actions in federal court.

After giving full consideration to the parties' arguments, we find that certifying a class for McClain's state-law claims is not the superior manner in which to proceed under Rule 23(b). Holding otherwise would undermine Congress's directive that FLSA collective actions are limited to those parties who opt in to the action.

## CONCLUSION

For the reasons stated above, the Court denies McClain's motion for class certification of his state-law claims. (R. 11-1.) A status hearing will be held in open court on August 11, 2004 at 9:45 a.m. to set a full litigation schedule for this lawsuit.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

Date: July 28, 2004

7